# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**CHRISTOPHER L. MCELROY**

      **Defendant.**

Case No. 2:18-cr-53(1)

JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Christopher L. McElroy's Motion for Compassionate Release (ECF No. 157). For the following reasons, McElroy's Motion for Compassionate Release (ECF No. 157) is **DENIED**.

## I.

On October 4, 2018, McElroy pleaded guilty to conspiring to distribute heroin in violation of §§ 846 & 841(a)(1), (b)(1)(C) & 2, possessing with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(C), unlawful sale of firearms in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) &2, and unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(n) & 924(a)(1)(D). (*See* ECF Nos. 88, 140). This Court sentenced McElroy to a 38-month term of imprisonment to be followed by three years of supervised release. (ECF No. 140). McElroy is currently serving that sentence at FCI Cumberland. Though McElroy originally expected to be transferred to a halfway house on March 11, (ECF No. 157, PageID 469), he is now expected to transfer to a halfway house on May 4, 2021, and thereafter to be released on October 5, 2021.

Due to the COVID-19 pandemic and his father's need for care, McElroy moves for compassionate release.

**II.**

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

McElroy moves for a compassionate release to home confinement so that he may take care of his ailing father. He submitted a request for release from his Warden on March 24, 2020, which was denied on April 15, 2020. (ECF No. 173-3). More than 30 days have passed; therefore, the Court has the authority to decide his motion for compassionate release. (Def.'s Mot. at 7, 12, ECF No. 45).

This Court held two status conferences to discuss this motion with the counsels for the Defendant and the Government. During those status conferences, two matters became clear. First, McElroy's father was in poor health and his living conditions were alarming, to put it mildly. But, second, with the pandemic ongoing there was no way to move McElroy to a halfway house under the Court's supervision while also allowing him the ability to take care of his father. This Court considers the halfway house a vital step in McElroy's restoration; it would not be prudent to send him directly home from prison without going through that step first. McElroy is already set for placement in a halfway house in the near future, so a reduction in his sentence would have little

practical effect.

McElroy's desire to care for his father is noble and commendable, but there is little that this Court can do to speed along the achievement of that goal without putting McElroy's return to a law-abiding life at risk. Accordingly, the Court does not find that extraordinary and compelling circumstances warrant McElroy's early release.

## IV.

For the reasons stated above, Defendant Christopher L. McElroy's Motion for Compassionate Release (ECF No. 157) is **DENIED**.

**IT IS SO ORDERED.**

**4/2/2021**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**